# No. 16-10275

# In the United States Court of Appeals for the Fifth Circuit

Samuel G. Breitling and JoAnn Breitling

*Plaintiffs-Appellants,*

v.

LNV Corporation and Codilis & Stawiarski, P.C.

*Defendants-Appellees.*

_____

Interlocutory Appeal from Cause No. 3:15-CV-00703
United States District Court
Northern District of Texas, Dallas Division

_____

# LNV's Response to Breitlings' Emergency Motion for Stay of District Court Proceedings and Motion to Dismiss this Appeal

_____

Robert T. Mowrey
  Texas Bar No. 14607500
Jason Levi Sanders
  Texas Bar No. 24037428
Marc D. Cabrera
  Texas Bar No. 24069453
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800
**ATTORNEYS FOR APPELLEE LNV CORPORATION**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellee LNV Corporation ("LNV") and files this Response to "Breitling's[sic] Emergency Motion for Stay of District Court Proceedings Pending Appeal" (the "Motion to Stay") and, separately, moves to dismiss this purported appeal, respectfully showing the Court as follows:

## INTRODUCTION

No final judgment has been entered in this case by the district court. Nor does this court have jurisdiction to hear an interlocutory appeal from any of the orders about which the Breitlings complain. This purported appeal is the Breitlings' latest effort to delay the resolution of this matter. The Breitlings continue to occupy the property even though they were foreclosed on in September 2014, at which time they were due for their March 2010 mortgage payment. This is the third lawsuit the Breitlings have filed to interfere with LNV's contractual right to foreclose on property securing mortgage debt. The Court should dismiss this appeal for lack of jurisdiction and permit the district court to dispose of the case in an orderly manner.

## ARGUMENT AND AUTHORITIES

**A.  This Court Lacks Jurisdiction to Review the Interlocutory Orders From Which the Breitlings Purport to Appeal.**

This is a purported interlocutory appeal from four district court orders: (1) denying the Breitlings' motion to remand (Doc. 21), (2) denying their motion for

1

disqualification of the district court judge (Doc. 99), (3) denying in part and granting in part their motion for leave to amend their complaint (Doc. 101), and (4) denying their motion to vacate a summary judgment order entered in a prior state court lawsuit (Doc. 100). *See* Motion to Stay;[1] Notice of Interlocutory Appeal. None of the orders is a final judgment and none of them are appealable interlocutory orders.

"The basic principle of appellate jurisdiction is that appeals may be taken only from final judgments." *Commodity Futures Trading Comm'n v. Preferred Capital Inv. Co.*, 664 F.2d 1316, 1318 (5th Cir. 1982) (citing 28 U.S.C. § 1291). "A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). "The final judgment rule is based on the policy against piecemeal appeals and the inevitably attendant delay and increase in costs that result from piecemeal appeals." *Commodity Futures Trading Comm'n*, 664 F.2d at 1318.

An order denying a motion to remand is not a final, appealable order. *E.g.,*

---

[1] In addition to appealing non-appealable interlocutory orders, the Breitlings fail to comply with this Court's rules. They did not advise LNV of their intent to file the emergency motion, have not certified that the facts supporting emergency consideration of the motion are true and complete, and did not attach the orders from which they purport to appeal to their Motion to Stay. *See* 5th Cir. Rule 27.3.

*Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 74, 117 S.Ct. 467, 475, 136 L.Ed.2d 437 (1996) ("An order denying a motion to remand, 'standing alone,' is '[o]bviously . . . not final and [immediately] appealable' as of right.") (citation omitted); *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981) ("an order denying remand of a case removed to federal court is not a final order . . . ."); *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989) ("A district court's denial of a motion to remand is not a final order, and . . . not reviewable on appeal.").

The order granting in part and denying in part the Breitlings' motion for leave to amend their complaint is interlocutory and not immediately appealable. *See Coulthrust v. Rasbeary*, 186 F. App'x 464, 465 (5th Cir. 2006) (court lacked jurisdiction to review appeal of an interlocutory order denying motion for reconsideration of denial of motion for leave to amend complaint); *Fleming v. Harco Nat.*, 3 F.3d 437 (5th Cir. 1993) (describing denial of motion for leave to amend complaint as an interlocutory order); *Nickerson v. Crites*, No. CIV. CC-08-122, 2009 WL 1545944, at *2-3 (S.D. Tex. Mar. 16, 2009) (holding that motion to amend complaint is interlocutory and not appealable).

An order denying a motion to disqualify the district court judge is not a final order that is immediately appealable. *Willis v. Kroger*, 263 F.3d 163 (5th Cir. 2001) ("The denial of a recusal motion is not an appealable interlocutory order or an appealable collateral order."); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82,

86 n.3 (5th Cir. 1992) (holding that the defendant "must await final judgment to appeal the judge's refusal to recuse himself").

Finally, an order denying a motion to vacate a state court summary judgment order rendered in a prior lawsuit is not a final appealable order. *See, e.g.*, *Matter v. Aucoin*, 35 F.3d 167, 169 (5th Cir. 1994) (stating that a judgment, order, or decree is final if it ends "the litigation on the merits" and leaves "nothing for the court to do but execute the judgment.").

Such interlocutory orders cannot be appealed unless certified by the district court in accordance with 28 U.S.C. § 1292(b) or the district court enters final judgment under Rule 54(b). *See Commodity Futures Trading Comm'n*, 664 F.2d at 1319; *see also* 28 U.S.C. § 1292(b); FED. R. CIV. P. 54(b). The district court has not certified any of these orders for immediate appeal under 28 U.S.C. § 1292(b) or FED. R. CIV. P. 54(b).

Because this Court lacks jurisdiction it should dismiss this appeal to permit the district court to address the Breitlings' remaining claim and bring this case closer to resolution.

## B.　The Breitlings are Not Entitled to a Stay of the District Court Proceedings.

Even if this Court had jurisdiction to hear this appeal, the Breitlings have shown no basis to stay proceedings in the district court.

"A notice of appeal from an interlocutory order does not produce a complete

divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). "[W]here an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Id.* at 565 (quoting *Taylor v. Sterrett,* 640 F.2d 663, 667-68 (5th Cir. 1981)).

To be entitled to a stay pending appeal under Rule 8 of the Federal Rules of Civil Procedure[2] or Rule 62 of the Federal Rules of Civil Procedure, a petitioner must show: (1) the likelihood of success on the merits on appeal; (2) irreparable injury from the denial of the stay; (3) other parties will not be substantially harmed by the grant of stay; and (4) granting the stay serves the public interest. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

First, the Breitlings cannot demonstrate that they are likely to succeed on the merits of their interlocutory appeal because this court has no jurisdiction and, in any event, the district court did not err or abuse its discretion with respect to any of the orders.

Second, there is no irreparable harm. Dismissal of the district court action

---

[2] The Breitlings did not first move to stay the district court action in the district court, as required under Rule 8(a) of the Federal Rules of Appellate Procedure, and have not shown that moving first in the district court would be impracticable. *See* FED. R. APP. P. 8(a)(1)-(a)(2)(A).

will not impact their eviction case as they claim. Motion to Stay at 6.³ Regardless, the Federal Rules of Appellate Procedure afford the Breitlings an adequate legal remedy of appeal after the district court enters a final judgment.

Third, LNV will be harmed or suffer prejudice because this interlocutory appeal will prolong the dubious litigation in which the Breitlings have engaged over the previous approximately 6 years and continue to protract LNV's ability to enforce its rights under the Note and Deed of Trust.

Finally, the Breitlings have not established that granting the stay serves the public interest. Just the opposite is true – their attacks on the court, members of the bar along with spurious motions have interfered with the orderly disposition of this case.

## CONCLUSION AND PRAYER

LNV prays that the Court dismiss this appeal for lack of jurisdiction. If the Court determines it has jurisdiction it should deny the Motion to Stay. LNV further prays for such other relief as it shows itself entitled.

Respectfully submitted,

LOCKE LORD LLP

---

³ The Breitlings appealed a judgment granting LNV possession of the property rendered in the County Court at Law No. 3 of Dallas County, Texas, No. CC-15-00911-C, to the Court of Appeals for the Fifth District of Texas, No. 05-15-00677-CV. The appeal is currently pending.

/s/ Marc D. Cabrera
Robert T. Mowrey
  Texas Bar No. 14607500
Jason Levi Sanders
  Texas Bar No. 24037428
Marc D. Cabrera
  Texas Bar No. 24069453
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

*Attorneys for Appellee LNV*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents was served *electronically and/or by certified mail, return receipt requested* on the Breitlings and all counsel of record on the 6th day of April, 2016.

/s/    Marc D. Cabrera
*Attorney for Appellee LNV*